**John EVANS, et al.**

v.

**MIDLAND ENTERPRISES, INC., et al.**

**Civ. A. No. 88–478–B.**

United States District Court, M.D. Louisiana.

Jan. 20, 1989.

Frederick A. Stolzle, Jr., Baton Rouge, La., for plaintiffs.

David R. Kelly, Breazeale, Sachse & Wilson, Baton Rouge, La., for defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT OF MIDLAND ENTERPRISES, INC. AND PORT ALLEN MARINE SERVICE, INC.

POLOZOLA, District Judge.

John Evans was employed by defendant, Port Allen Marine Service, Inc., a subsidiary of Midland Enterprises, Inc., when he received injuries in a non-work related, vehicular collision. Evans then made certain unsuccessful efforts to obtain benefits under Port Allen Marine's benefit plan. Subsequently, Evans filed suit in state court seeking sick leave benefits, vacation benefits, and long-term disability benefits. Defendants timely removed the suit to this Court. Defendants have now filed a motion for summary judgment contending that this Court lacks subject matter jurisdiction over the plaintiff's claim for long-term disability benefits since the plaintiff has failed to exhaust administrative remedies before seeking judicial relief.

■ It is widely recognized that a claimant must first exhaust administrative remedies provided by a benefit plan before he may bring an action based on the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. *Denton v. First National Bank of Waco, Texas*, 765 F.2d 1295, 1300 (5th Cir.1985), *reh'g en banc denied*, 772 F.2d 904 (5th Cir. 1985); Annotation, *Exhaustion of Administrative Remedies as Prerequisite to Suit Under Employee Retirement Income Security Act of 1974*, 54 A.L.R.FED. 364 (1981). As the Court stated in *Denton, id.* at 1300:

> The primary purposes of the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*.

The long-term disability plan which covered Evans instructs the person claiming benefits to acquire a claim form, fill it out, and submit the form to Provident Life and Accident Insurance Company for consideration. If the claim is denied, the party requesting benefits is sent a notice of denial and may request a review of the denial. The plan administrator makes a decision on review and notification is sent to the claimant. This notice is to include the specific reasons for the decision and references to the plan provisions on which the decision is based.

■ The affidavit of Steven Ferguson, the Employee Benefits Manager for the Ohio River Company and the person responsible for long-term disability claims submitted by employees of Port Allen Marine, confirms that Evans has never submitted a claim for long-term disability benefits to his employer's benefit plan. Ferguson also states in his affidavit of November 23, 1988 that he would deny a claim for long-term disability benefits. Such a statement by the plan's administrator may indicate that it would be futile to file such a claim with the administrator. However, the Court believes that plaintiff should be required to exhaust his remedies and the plan should be required to set forth reasons, if any, for its denial in accordance with the plan. Furthermore, the Court believes it would be in the interest of justice and judicial economy to stay this case rather than dismiss it pending exhaustion of administrative remedies under the plan. If plaintiff fails to timely exhaust his remedies as required by this order the Court will dismiss plaintiff's claim for long-term disability benefits. If the plaintiff timely exhausts his remedies and the plan grants his request, plaintiff's claim for long-term disability benefits is moot. If the plan denies plaintiff's claim, the Court will then be in a position to review the record and determine whether the plan's denial of benefits was arbitrary and capricious.

Therefore, the plaintiff has thirty days to properly file a claim for benefits in accordance with the plan's administrative remedies. The defendant shall have thirty days thereafter to accept or reject plaintiff's claim and to set forth reasons therefor in the event the claim is denied.

While the plaintiff exhausts his administrative remedies, this case is administratively closed. The plaintiff shall be responsible for reopening the case, if necessary, within twenty days after a final decision has been rendered by the administrator of the plan.